SP
F. #2024R00967

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES | TO BE FILED UNDER SEAL<br><br>No. 25 MC 761 |

# APPLICATION

The United States of America, moving by and through Stephanie Pak, its undersigned counsel, respectfully submits under seal this ex parte application for orders pursuant to 18 U.S.C. §§ 3122 and 3123 that authorize the installation and use of pen registers and trap and trace devices ("pen/trap device") to record, decode, and capture dialing, routing, addressing, and signaling information associated with communications to or from: (1) the cellular telephone number described in Attachment A, which is serviced by Verizon Wireless, an electronic communications service provider headquartered in Bedminster, New Jersey and (2) the cellular telephone number described in Attachment B, which is serviced by AT&T Corporation, an electronic communications service provider headquartered in North Palm Beach, Florida.  In support of this application, the United States asserts:

1. This is an application, made under 18 U.S.C. § 3122(a)(1), for an order under 18 U.S.C. § 3123 authorizing the installation and use of pen registers and trap and trace devices.

2. Such an application must include three elements: (1) "the identity of the attorney for the Government or the State law enforcement or investigative officer making the application"; (2) "the identity of the law enforcement agency conducting the investigation"; and

(3) "a certification by the applicant that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by that agency." 18 U.S.C. § 3122(b).

3. The undersigned applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure.

4. The law enforcement agency conducting the investigation is the Federal Bureau of Investigation ("FBI").

5. The applicant hereby certifies that the information likely to be obtained by the requested pens/trap devices is relevant to an ongoing criminal investigation being conducted by the FBI of possible violations of 18 U.S.C. § 875(b) (extortion by interstate communications) by Vincenzo Ameruoso and Michael Padavona.

6. This Court has jurisdiction to issue the requested order because it is a "court of competent jurisdiction" under 18 U.S.C. § 3122(a)(2). Specifically, the Court is a district court of the United States that "has jurisdiction over the offense being investigated." 18 U.S.C. § 3127(2)(A)(i).

## ADDITIONAL INFORMATION

7. Other than the three elements described above, federal law does not require that an application for an order authorizing the installation and use of a pen register and a trap and trace device specify any facts. The following additional information is provided to demonstrate that the order requested falls within this Court's authority to authorize the installation and use of pen registers or trap and trace devices under 18 U.S.C. § 3123(a)(1).

8. A "pen register" is "a device or process which records or decodes dialing, routing, addressing, or signaling information transmitted by an instrument or facility from which a wire or electronic communication is transmitted." 18 U.S.C. § 3127(3). A "trap and trace device" is

"a device or process which captures the incoming electronic or other impulses which identify the originating number or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication." 18 U.S.C. § 3127(4).

9. A cellular telephone, or cell phone, is a mobile device that transmits and receives wire and electronic communications. Individuals using cell phones contract with cellular service providers, such as Verizon Wireless and AT&T Corporation, who maintain antenna towers ("cell towers") covering specific geographic areas. In order to transmit or receive calls and messages, a cell phone must send a radio signal to an antenna tower that, in turn, is connected to a cellular service provider's network.

10. In the cellular telephone context, pen registers capture the destination phone numbers of outgoing calls or Short Message Service ("SMS") and Multimedia Message Service ("MMS") messages, while trap and trace devices capture the phone numbers of incoming calls or SMS and MMS messages (the latter of which may include text, photos, or videos). These numbers can then be used to identify the parties to a communication without revealing the communication's contents, and they can be recorded by a pen/trap device.

11. A cell phone can also be used to exchange SMS or MMS messages with email accounts. The email addresses associated with those text messages can be recorded by a pen/trap device and used to identify parties to a communication without revealing the communication's contents.

12. In addition to being assigned a unique telephone number, each cell phone has one or more unique identifiers embedded inside it. Depending upon the cellular network and the device, the embedded unique identifiers for a cell phone could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number

("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), an International Mobile Subscriber Identifier ("IMSI"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), or an International Mobile Station Equipment Identity ("IMEI").  When a cell phone connects to a cell tower, it reveals its embedded unique identifiers to the cell tower, and the cell tower records those identifiers as a matter of course.  These identifiers, transmitted as part of the communication between cell phone and cell tower, can be recorded by a pen/trap device and indicate the identity of the cellular device communicating with the cell tower without revealing the communication's content.

   13. The conduct being investigated involves use of the cell phone number described in Attachment A and the cell phone number described in Attachment B.  To further the investigation, investigators need to obtain the dialing, routing, addressing, and signaling information associated with communications sent to or from that cell phone number.

   14. The pen/trap devices sought by this application will record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the cell phone number described in Attachment A and the cell phone number described in Attachment B, including the date, time, and duration of the communication, and the following, without geographic limit:

- Source and destination telephone numbers;
- Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and
- Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN, associated with the cell phone device or devices used to make or receive calls or send and receive texts with cell phone number described in Attachment A.

4

## GOVERNMENT REQUESTS

15. For the reasons stated above, the United States requests that the Court enter Orders authorizing the installation and use of pen/trap devices to record, decode, and/or capture the dialing, routing, addressing, and signaling information described above — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1] — for each communication to or from the cell phone number described in Attachment A and the cell phone number described in Attachment B, to include the date, time, and duration of the communication, without geographic limit. The United States does not request and does not seek to obtain the contents of any communications, as defined in 18 U.S.C. § 2510(8).

16. The United States further requests that the Court authorize the foregoing installation and use for a period of sixty days from the date of the Court's Order, pursuant to 18 U.S.C. § 3123(c)(1).

17. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

providing such assistance shall be reasonably compensated by the FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

18. The United States further requests, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that the Court order AT&T Corporation and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of this Order to furnish, upon service of the Order, information, facilities, and technical assistance necessary to install the pen/trap device, including installation and operation of the pen/trap device unobtrusively and with minimum disruption of normal service. Any entity providing such assistance shall be reasonably compensated by the FBI, pursuant to 18 U.S.C. § 3124(c), for reasonable expenses incurred in providing facilities and assistance in furtherance of this Order.

19. The United States further requests that the Court order that the FBI and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to them, for the duration of the Order.

20. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, for a period of one year from the date of this Order, unless or until authorized by this Court, except that Verizon Wireless may disclose this Order to attorneys for Verizon Wireless for the purpose of receiving legal advice.

21. The United States further requests, pursuant to 18 U.S.C. § 3123(d)(2), that the Court order AT&T Corporation and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, not to disclose in any manner, directly or indirectly, by any action or inaction, the existence of this application and Order, the resulting pen/trap device, or this investigation, for a period of one year from the date of this Order, unless or until authorized by this Court, except that AT&T Corporation may disclose this Order to attorneys for AT&T Corporation for the purpose of receiving legal advice.

22. The United States further requests that this application and any resulting Orders be sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

23. The United States further requests that the Clerk of the Court provide the United States Attorney's Office with two certified copies of this application and the Orders, and provide certified copies of these Orders to the FBI, Verizon Wireless and AT&T Corporation upon request.

24. The foregoing is based on information provided to me in my official capacity by agents of the FBI.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Brooklyn, New York
       February 24, 2025

      *Stephanie Pak*
      Stephanie Pak
      Assistant United States Attorney
      (718) 254-6064

F. #2024R00967

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF<br>THE UNITED STATES OF AMERICA<br>FOR AN ORDER AUTHORIZING THE USE OF<br>PEN REGISTERS AND TRAP AND TRACE<br>DEVICES | TO BE FILED UNDER SEAL<br><br>No. 25 MC 761 |

ORDER

Stephanie Pak, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device ("pen/trap device") on the cell phone numbers described in Attachment A, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigations ("FBI") of Vincenzo Ameruoso and Michael Padavona in connection with possible violations of 18 U.S.C. § 875(b).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1]

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is

— associated with each communication to or from the cell phone number described in Attachment A, including the date, time, and duration of the communication, and the following, without geographic limit:

- Source and destination telephone numbers;
- Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and
- Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN, associated with the cell phone device or devices used to make or receive calls or send and receive texts with cell phone number described in Attachment A.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that Verizon Wireless and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen/trap devices, including installation and operation of the pen/trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

---

cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that Verizon Wireless and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen/trap device, or the investigation to any person, for one year from the date of this Order, unless or until otherwise ordered by the Court, except that Verizon Wireless may disclose this Order to attorneys for Verizon Wireless for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with two certified copies of this application and Order, and shall provide copies of this Order to the FBI and Verizon Wireless upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

02/24/2025
Date

*Joseph A. Marutollo*
THE HONORABLE JOSEPH A. MARUTOLLO
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

ATTACHMENT A

**Verizon Wireless**

| Facility | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| Cellular telephone | Telephone number 917-848-6569 | Unknown | Vincenzo Ameruoso |

F. #2024R00967

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE APPLICATION OF<br>THE UNITED STATES OF AMERICA<br>FOR AN ORDER AUTHORIZING THE USE OF<br>PEN REGISTERS AND TRAP AND TRACE<br>DEVICES | TO BE FILED UNDER SEAL<br><br>No. 25 MC 761 |

ORDER

Stephanie Pak, on behalf of the United States, has submitted an application pursuant to 18 U.S.C. §§ 3122 and 3123, requesting that the Court issue an Order authorizing the installation and use of a pen register and trap and trace device ("pen/trap device") on the cell phone numbers described in Attachment B, which is incorporated into this Order by reference.

The Court finds that an attorney for the government has submitted the application and has certified that the information likely to be obtained by such installation and use is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigations ("FBI") of Vincenzo Ameruoso and Michael Padavona in connection with possible violations of 18 U.S.C. § 875(b).

IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 3123, that the FBI may install and use a pen/trap device to record, decode, and/or capture dialing, routing, addressing, and signaling information — excluding the decoding of post-cut-through dialed digits ("PCTDD")[1]

---

[1] PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is

2

— associated with each communication to or from the cell phone number described in Attachment B, including the date, time, and duration of the communication, and the following, without geographic limit:

- Source and destination telephone numbers;

- Source and destination email addresses, when the cellular device exchanges SMS or MMS messages with an email account; and

- Any unique identifiers, including the ESN, MEIN, IMSI, IMEI, SIM, MSISDN, or MIN, associated with the cell phone device or devices used to make or receive calls or send and receive texts with cell phone number described in Attachment A.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(c)(1), that the use and installation of the foregoing is authorized for sixty days from the date of this Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(b)(2) and 3124(a)-(b), that AT&T Corporation and any other person or entity providing wire or electronic communication service in the United States whose assistance may, pursuant to 18 U.S.C. § 3123(a), facilitate the execution of this Order shall, upon service of this Order, furnish information, facilities, and technical assistance necessary to install the pen/trap devices, including installation and operation of the pen/trap devices unobtrusively and with minimum disruption of normal service;

IT IS FURTHER ORDERED that the FBI reasonably compensate AT&T Corporation and any other person or entity whose assistance facilitates execution of this Order for reasonable expenses incurred in complying with this Order;

---

cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

3

IT IS FURTHER ORDERED that the FBI and the applicant have access to the information collected by the pen/trap devices as soon as practicable, twenty-four hours per day, or at such other times as may be acceptable to the FBI, for the duration of the Order;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(d)(2), that AT&T Corporation and any other person or entity whose assistance facilitates execution of this Order, and their agents and employees, shall not disclose in any manner, directly or indirectly, by any action or inaction, the existence of the application and this Order, the pen/trap device, or the investigation to any person, for one year from the date of this Order, unless or until otherwise ordered by the Court, except that AT&T Corporation may disclose this Order to attorneys for AT&T Corporation for the purpose of receiving legal advice;

IT IS FURTHER ORDERED that the Clerk of the Court shall provide the United States Attorney's Office with two certified copies of this application and Order, and shall provide copies of this Order to the FBI and AT&T Corporation upon request;

IT IS FURTHER ORDERED that the application and this Order are sealed until otherwise ordered by the Court, pursuant to 18 U.S.C. § 3123(d)(1).

   02/24/2025                                                 *Joseph A. Marutollo*
      Date                                                  THE HONORABLE JOSEPH A. MARUTOLLO
                                                            UNITED STATES MAGISTRATE JUDGE
                                                            EASTERN DISTRICT OF NEW YORK

## ATTACHMENT B

**AT&T Corporation**

| Facility | Number or identifier | Owner, if known | Subject of investigation, if known |
|---|---|---|---|
| Cellular telephone | Telephone number 718-207-3133 | Unknown | Michael Padavona |